UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFERY OWENS | CIVIL ACTION |
| VERSUS | NO. 04-0702 |
| GLOBAL SANTA FE DRILLING | SECTION "K" (4) |

### ORDER

Before the Court is plaintiff's Motion For New Trial Pursuant To Federal Rule of Civil Procedure 59. (Rec.Doc.50).  Having reviewed the memoranda, relevant law, the depositions, and the record, the Court denies plaintiff's motion.  The Court granted defendant's Motion for Summary Judgment on April 8, 2005. (Rec.Doc.48).  The Court did not issue a judgment in this case because plaintiff's claims for maintenance and cure were still unresolved.  On April 21, 2005, plaintiff filed a Motion for New Trial. (Rec.Doc.50).  For the reasons explained below, the plaintiff's Motion for New Trial, more appropriately designated a motion to alter or amend judgment, is denied.

### LEGAL STANDARD

Although plaintiff's motion is denominated as a "Motion for New Trial" pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, the court must clarify which subsection of the rule controls.  Rule 59(a) governs both jury and bench trials. However, the Court initially disposed of

1

plaintiff's claims, except for his maintenance and cure claims, through a motion for summary judgment. Because summary judgment is not a trial and because there was not a **final** judgment in this case, plaintiff's motion is most appropriately designated a motion to alter or amend a judgment pursuant to Rule 59(e), and the Court will treat it as such. *See St. Paul Mercury Insurance Company v. Fair Grounds Corp., et al.,* 123 F.3d 336, 339 (5th Cir.1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.,* 77 F.3d 782, 785 n. 1 (5th Cir.1990)(motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion); *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 175 (5th Cir.1990)(motion that challenges prior summary judgment filed within 10 days of judgment is brought under Rule 59(e)).

Rule 59(e) provides that such a motion shall be filed no later than 10 days after entry of judgment. The Court issued its ruling on April 8, 2005. On April 21, 2005, plaintiff filed the instant motion. F.R.C.P. Rule 6 is applicable: "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Therefore, plaintiff's motion is timely.

Reconsideration of a judgment is an extraordinary remedy which courts should use sparingly. Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 124;

2

*Fields v. Pool Offshore, Inc.,* 1998 WL 43217 (E.D.La.2/3/1998); *Bardwell v. Sharp,* 1995 WL 517120, (E.D.La.8/30/1995). The remedy is so extraordinary that the United States Court of Appeals for the Fifth Circuit has directed that the Rule 59(e) standard 'favors denial of motions to alter or amend a judgment...." *Southern Contractors Group, Inc. v. Dynalectric Company,* 2 F.3d 606, 611 (5th Cir.1993) (citation omitted). As such, "the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under [Rule 59(e) ]." *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990); *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir.1993). Under the Rule 59(e) standard:

> the court has considerable discretion in deciding whether to reopen a case... That discretion, of course, is not limitless...[t]wo important judicial imperatives clash: The need to bring litigation to an end and the need to render just decisions on the basis of all the facts. The task of the district court in such a case is to strike the proper balance between these competing interests.

*Beanal v. Freeport-McMoran,* 1996 WL 476879 (E.D.La.1996)(*citing Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F .2d 167 (5th Cir.1990); *In re Ingram Towing Co.,* 1994 WL 660484 (E.D.La.1994).

     Generally, there are four grounds upon which a Rule 59(e) motion can be granted:(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new

3

evidence, (3) the need to prevent to prevent manifest injustice, or (4) an intervening change in controlling law. *See e.g., Motiva Enterprises LLC v. Wegmann,* 2001 WL 246414 (E.D.La.3/12/2001); *Clay v. Daichi Shipping,* 2000 WL 6269 (E.D.La.1/5/2000); *Fields v. Pool Offshore, Inc.,* 1998 WL 43217 (E.D.La.2/3/1998); Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 125-27.  Finally, a Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. *See Clay v. Daichi Shipping,* 2000 WL 6269 (E.D.La.1/5/2000); *Campbell v. St. Tammany Parish School Bd.,* 1999 WL 777720 (E.D.La.9/29/1999).

## ANALYSIS

Although plaintiff's counsel takes exception to some of the Court's findings, these findings are not essential to the Court's ruling and do not provide the legal basis of its ruling.[1]

---

[1]The Court notes plaintiff admitted to defendant's uncontested fact, which the Court relied thereon in its prior ruling.  Plaintiff now objects to the statement it previously admitted. Defendant's Statement of Uncontested Material Facts No. 1 stated: "In 2000, plaintiff sustained an injury to his hand and brought a claim, which was settled and he returned to work." (Rec. Doc. 14).  In "Responses to Defendant's Statement Of Uncontested Material Facts" to No. 1 (Rec.Doc.16), plaintiff replied "Admitted."  Plaintiff also objects to the Court's finding that emotional injuries did not manifest themselves until nine months after the alleged physical injuries.  Plaintiff's counsel in the opposition to defendant's motion for summary judgment states the following: "**In January 2003**, while still suffering from the physical effects of his rib injuries, Mr. Owens' **first** (emphasis added) mental and psychological symptoms manifested themselves when he was preparing to go offshore for a scheduled hitch."  *See* Rec. Doc. 16,

Furthermore, the Court stands by its rulings and finds no error therein.

Plaintiff's complaint states: "During the month of January 2003, Jeffery S. Owens as a result of his repeated accidents and witnessing accidents in the course and scope of his employment has suffered severe neurological problems, including by not limited to panic attacks and depression." *See* Complaint ¶ IV.  "As a direct result of **this incident**, plaintiff has sustained debilitating injuries to his mind and body, including severe neurological problems, panic attacks, and depression." (emphasis added).  As alleged in the complaint, the "severe neurological problems" arose out of the "incident" "during the month of January 2003."

The Court learned of several physical injuries plaintiff allegedly suffered while working at Global, the last of which occurred in April 2002; however, the plaintiff stated several times in his deposition he had healed from all of his physical injuries.  *See* Rec. Doc. 14, defendant's MSJ, plaintiff's depo, pages 81, 82, 106-107; *see also*, Rec. Doc. 16, plaintiff's Opp. to MSJ, plaintiff's depo, pages 7, 73, 101).[2]  The Court analyzed plaintiff's claim as one for emotional

---

page 2 (although page numbers are not provided in plaintiff's opposition).  Plaintiff's counsel also states in the opposition, "While Plaintiff's emotional injuries manifested in January 2003. . . ." *See* Rec. Doc. 16*,*page 6.  *See also*, deposition of Dr. Larson, *infra*.

[2]While plaintiff states numerous times physical injuries have healed, the Court notes one instance in the deposition where plaintiff's testimony is unclear.  *See*  Rec. Doc. 16, Exhibit A, page 73-74).  "And the ribs did ultimately heal.  Right?" "Yes." "They haven't healed back

injuries *and*, construing the petition in the broadest of terms, the Court treated plaintiff's claim as one for emotional injuries arising from physical injuries he suffered. Based on the law, the Court found and reaffirms such finding that plaintiff's claims are not actionable.

The law does not support a claim for purely emotional injuries. *See Gaston v. Flowers Transportation*, 866 F.2d 816 (5th Cir.1989)("But whatever merit allowing recovery for purely emotional injury may have or may lack, we see none in allowing mere crewmen-bystanders to recover for witnessing the misfortune of another."). Under *Plaisance v. Texaco, Inc*., 966 F.2d 166, 168-169 (5th Cir.1992)(*en banc*), the Fifth Circuit left open the possibility that a plaintiff may recover for purely emotional injuries under a zone of danger theory when the facts support such a claim. This zone of danger theory of recovery is implicated if the claimant was objectively within the zone of danger, claimant feared for his life at the time of the accident or person was in danger, and, his emotional injuries were a reasonably foreseeable consequence of

---

right. No. They are healed. It don't hurt to the touch or anything like that. But they haven't growed back right. There is a knot there." Later, plaintiff states. "Physical pain went away. Still got the knot right here in the ribs where it didn't grow back right." *Id*. at 75. Defense counsel asked plaintiff, "Well, just to kind of sum this up. You have a knot on your left side from a slip and fall. Right?" "Yes." "After all this time it is healed. Correct?" "Yes." "And it doesn't–it is not a problem for you in terms of doing the work you did on the rig. Is that correct?" "Correct." *See* Rec. Doc. 14, Exhibit B, page 82. In sum, both the plaintiff and the Court regard this injury as healed.

the defendant's alleged negligence. *Anselmi v. Penrod Drilling Corp.*, 813 F.Supp.436, 442 (E.D.La. 1993)(J.Feldman); *see also Williams v. Treasure Chest Casino*, L.C.C., 1998 WL 42586 (E.D.La.)(J.Vance). The facts of this case clearly do not support and neither does the plaintiff allege any of the factors above. *See also, Puthe v. Exxon Shipping Co.*, 2 F.3d 480, 484 (2nd Cir.1993)("[E]motional injuries resulting from nothing more than the accumulation of years of common encounters with the hardships of the sea are clearly not foreseeable."

Under *Gough v. Natural Gas Pipeline Co. of America*, 966 F.2d 763, 765 (5th Cir.1993), the Court stated, "purely emotional injuries will be compensated when maritime plaintiffs satisfy the 'physical injury or physical impact rule' . . . Either a physical injury or physical impact has traditionally been required." In this instance, the Court found the emotional injuries plaintiff allegedly suffers as a result of sustaining physical injuries and witnessing others' injuries as an employer of Global are too attenuated and were not foreseeable. "The analysis of a maritime tort is guided by general principles of negligence law." *Consolidated Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir.1988). "Determination of the tortfeasor's duty, and its parameters, is a function of the court (citation omitted). That determination involves a number of factors, including most notably the foreseeability of the harm suffered by the complaining party." *Id*. (citations omitted). "[T]o be found liable a defendant must have 'knowledge of a

7

danger, not merely possible but probable . . .'" *Id*. (citing *Republic of France v. United States*, 290 F.2d 395 (5th Cir.1961). *See also, Crear v. Omega Protein*, 86 Fed. Appx. 688, 691 (5th Cir.2004)(citing *Consolidated Aluminum Corp*.)("We perceive a harm to be the foreseeable consequence of an act or omission if harm of a general sort to persons of a general class might have been anticipated by a reasonably thoughtful person, as a probable result of the act or omission, considering the interplay of natural forces and likely human intervention."). Even considering the deposition of plaintiff's psychologist Dr. James Larson which was presented for the first time in plaintiff's Motion For New Trial, the Court reaches the same conclusion.[3] Although Dr. Larson opines that plaintiff's physical injuries are related to his current post traumatic stress, he indicated plaintiff's manifestation of his emotional problems first appeared during plaintiff's episode in January of 2003. *See* Rec. Doc. 50, deposition of Dr. Larson, pages 25, 41-42, 73. Dr. Larson stated, "I took a history and he disclaimed ever having any prior anxiety attacks or anxiety problems . . . based on my evaluation of him and based on the review of records, that incident where he thought he was having a heart attack was when he first started

---

[3] The admissibility of new evidence is determined by certain criteria the movant must demonstrate he has satisfied, as provided in *Goldstein v. MCI Worldcom*, 340 F.3d 238, 257 (5th Cir.2003). Plaintiff has not done so in the Motion for New Trial; notwithstanding this, the Court has considered plaintiff's new evidence.

having significant emotional or psychiatric problems." This testimony supports the Court's conclusion that these injuries suffered by the plaintiff were not foreseeable. There is a point where delayed manifestation of emotional injuries allegedly caused by physical injuries becomes no longer actionable. The Court finds this nine month delay well beyond what any reasonable person would foresee.

Considering the standard herein and upon careful reconsideration, the Court denies plaintiff's Motion for New Trial.

Accordingly,

**IT IS HEREBY ORDERED** that Motion For New Trial Pursuant To Federal Rule of Civil Procedure 59. (Rec.Doc.50) is **DENIED**.

**IT IS FURTHER ORDERED** that claims for maintenance and cure still pending before the Court are to be set for trial.

New Orleans, Louisiana, this   22nd   day of July, 2005.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**